# EXHIBIT "B"

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF ORANGEBURG ) | Civil Action No.: 17-CP-38-00915 |
| ) | |
| Betti Abrecht and William Abrecht, ) | |
| Plaintiffs, ) | **SUMMONS** |
| vs. ) | **(Jury Trial Requested)** |
| Liberty Mutual Insurance Company, ) | |
| Defendant. ) | |

TO THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served on you, and to serve a copy of your Answer to said Complaint upon the subscriber at his office at 2519 Devine Street, Suite A, Columbia, South Carolina, 29205, within thirty (30) days of the date of service, exclusive of the day of such service; if you fail to answer the said Complaint with the time aforesaid, the Plaintiffs in this action will apply to the Court for the said relief demanded in the Complaint.

This 10th day of July, 2017

GOODWYN LAW FIRM, LLC

Rachel G. Peavy, Esquire
T. Jeff Goodwyn, Jr. Esquire
2519 Devine Street, Suite A
Columbia, SC 29205
(803) 251-7517
(803) 251-7527 (f)
RPeavy@Goodwynlaw.com
Attorneys for Plaintiff

Columbia, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF ORANGEBURG ) | Civil Action No.: 17-CP-38-00915 |
| ) | |
| Betti Abrecht and William Abrecht, ) | |
| Plaintiffs, ) | **COMPLAINT** |
| ) | **(Jury Trial Requested)** |
| vs. ) | |
| Liberty Mutual Insurance Company, ) | |
| Defendant. ) | |

The Plaintiffs, Betti Abrecht and William Abrecht, complaining of the Defendant, would show as follows:

1. Plaintiffs are citizens and residents of Orangeburg County and the owners of the residence and property located at 2229 Tee Vee Road, Elloree, SC 29407 (hereafter "the Property").

2. Defendant Liberty Mutual Insurance Company ("Liberty Mutual") is a foreign corporation doing business in the State of South Carolina, including Orangeburg County.

3. On or about September 27, 2012, Liberty Mutual issued to Plaintiff Betti Abrecht a homeowners policy for the Property, bearing policy no. H35-251-915927-40, such policy still being in effect today. A copy of the Declarations Page for the Policy is attached as **Exhibit A**.

4. On July 11, 2014, a storm caused severe damage to the Property and the contents and personal property therein.

1

### For a First Cause of Action
### Breach of Contract

5. The preceding allegations are incorporated herein as if repeated verbatim.

6. Liberty Mutual is an insurer offering, among other things, homeowner policies to South Carolina residents.

7. Plaintiffs procured homeowners' insurance ("the Policy") from Defendant, which coverage included loss by storm damage.

8. While the Policy was in force, the Property was damaged by a storm which caused severe damage as a result of lightning, rain, hail, and wind.

9. Plaintiffs provided to Liberty Mutual the information regarding the storm and the claim, as evidenced by the letter and proof of claim attached as **Exhibit B.**

10. This loss was covered by the Policy.

11. Plaintiffs timely reported the loss to the Defendant.

12. Defendant Liberty Mutual has refused to pay the claim in full.

13. Defendant's failure to pay the claim and failure to cover the loss are breaches of the insurance contract, entitling the Plaintiffs to recover such amount as may be established at trial.

### For a Second Cause of Action
### Statutory Bad Faith

14. The preceding allegations are incorporated herein.

15. Defendant Liberty Mutual has failed to pay the sum due and owing within 90 days.

16. Defendant has failed to pay all amounts to Plaintiffs due under the Policy.

17. Defendant Liberty Mutual has failed to discharge its statutory and contractual obligations in good faith and has acted without reasonable cause in failing to pay covered losses within 90 days.

18. Pursuant to S.C. Code Ann. 38-59-40, Plaintiffs are entitled to an award of attorney's fees of one third of the judgment entered in this action.

### For a Third Cause of Action
### Common Law Bad Faith

19. The preceding allegations are incorporated herein as if repeated verbatim.

20. Defendant Liberty Mutual had a duty to act in good faith which required it to use due care not to deprive Plaintiffs of their rights under the Policy.

21. Defendant Liberty Mutual has failed to properly investigate, adjust, and pay the claim and has consistently ignored and failed to respond to the Plaintiffs.

22. Liberty Mutual has forced Plaintiffs to pursue litigation in order to obtain payment for the losses covered by the Policy.

23. Defendant's failure to properly adjust Plaintiffs' claim and failure to make payment as required by the terms of the Policy was the result of bad faith and the reckless and/or intentional disregard for Plaintiffs' rights under the Policy.

24. Defendant's acts entitle Plaintiffs to an award of punitive damages in an amount to be determined at trial.

WHEREFORE, Plaintiffs pray for a trial by jury and judgment as follows:

As against Defendant Liberty Mutual, an award of damages in the amount of their unpaid losses as established at trial; attorney's fees in an amount of one third of the judgment under their statutory bad faith claim; and an award of punitive damages in an

3

amount to be determined by the jury; prejudgment interest and costs; and for such other and further relief as the Court deems just and proper.

GOODWYN LAW FIRM, LLC

*Rachel Peavy*

Rachel G. Peavy, Esquire
T. Jeff Goodwyn, Jr. Esquire
2519 Devine Street
Suite A
Columbia, SC 29205
(803) 251-7517
(803) 251-7527 (f)
JGoodwyn@Goodwynlaw.com
Attorneys for Plaintiff

Columbia, South Carolina
July 10, 2017

4