**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | | |
|---|---|---|
| Betti Abrecht and William Abrecht, | ) | Civil Action No. 5:17-02115-DCC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **PLAINTIFF'S MOTION FOR** |
| vs. | ) | **SETTLEMENT ENFORCEMENT** |
| | ) | |
| LM Insurance Corporation, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Plaintiffs, Betti Abrecht and William Abrecht, and Defendant LM Insurance Corporation, respectfully file their Motion for Settlement Enforcement and shows the court that Plaintiff has fully complied with the conditions of the written mediated settlement agreement and as a result, Defendants demands to impose additional terms before payment that were not agreed to in the mediated settlement agreement should not be forced upon Plaintiff and Defendant should be compelled to pay the sums negotiated for immediately.

**Facts**

This is a breach of contract and insurance bad faith case related to a homeowners claim. Defendant acknowledged that it had a policy of insurance with the attached declarations pages showing in the Mortgage Information section "Ocwen Loan Servicing, LLC/ISAOA loan number 601160310." (See Exhibit "A"). Ocwen apparently purchased the servicing rights to the GMAC loan through a Chapter 11 Bankruptcy GMAC went through in 2012 and 2013 in the Southern District of New York (case #:12-12020 (MG)). The case was mediated on January 23, 2019 and resulted in an agreement signed by both parties with among other terms, a term requiring Plaintiff to provide "a Satisfaction of Mortgage lien on the property in question." At the time of the

agreement, Plaintiffs were in possession of the satisfaction of this loan number that they believed would bring them in compliance with this provision. Plaintiff's counsel emailed Defendant's counsel the satisfaction of mortgage for loan number 0601160310 (the "Satisfaction") minutes after the conclusion of the mediation. (See Satisfaction attached as Exhibit "B").

Defendant now states that the Satisfaction does not match the loan number listed on the Liberty Mutual Policy. In comparing the loan numbers on the Liberty Mutual insurance policy that was in force on the date of loss and the Satisfaction, they are both "601160310" with the exception that the loan number written on the Satisfaction includes a leading "0" making it read "0601160310". In an effort to try to appease Defendants, counsel for Plaintiff suggested some possible solutions if both sides agreed including having Plaintiff agree to indemnify Defendant. Plaintiffs did not agree to this indemnification language proposed by Defendants as they believed that they had fully complied with the terms of the mediated settlement agreement and did not need to agree to indemnify Defendant.

## Law and Arguement

Plaintiff agrees with the law as set forth in Defendant's motion on the issue of enforcing a settlement agreement. Defendant's contention that Plaintiff did not provide proof that it has satisfied loan number 601160310 because the Satisfaction includes a leading '0' before the loan number is nonsense. It is ridiculous that anyone would believe that loan numbers '601160310' and '0601160310' were two distinct loans to the same borrower from different lenders.

While it appears that Ocwen had purchased the servicing rights to the GMAC loan through a Chapter 11 Bankruptcy GMAC went through in 2012 and 2013 in the Southern District of New York (case #:12-12020 (MG)), regardless of which company's name was associated with loan number 601160310, this loan number was satisfied by the filing of the Satisfaction. It is also

noteworthy that Defendants have not produced any proof that a mortgage with this same loan number currently exists that is in Ocwen's name.

Plaintiff would further show that it will be impossible for Defendants to show that the loan number listed in their policy is still active as this loan number has been satisfied as evidenced by the Satisfaction provided Defendants in the email to Defendant's counsel immediately after the mediation agreement was signed on January 23, 2019.

At the time the mediated settlement agreement was entered into, Plaintiff believed that the Satisfaction showing satisfaction of the same loan number as shown on the policy would certainly be sufficient comply with the terms agreed to in the agreement. This is the only proof Plaintiff intended or is able to provide. As a practical matter, Plaintiff will never be able to provide proof that both Ocwen and GMAC filed satisfactions of the same loan number. Plaintiff has no other evidence and cannot obtain any other evidence. If the Court believes other evidence of the satisfaction of this loan number is obtainable, Plaintiff contends that there was no meeting of the minds in the signing of the mediated settlement agreement and as a result, the agreement should be found to be void.

Because Plaintiff has provided proof that the loan number identified in Defendant's insurance policy has been satisfied, Plaintiff has fulfilled the terms of the signed mediated settlement agreement. Having fulfilled its obligations under this agreement, Plaintiff is demanding that Defendants pay the amount they have agreed to pay under the mediated settlement agreement and that the court enforce the settlement agreement reached at mediation by requiring Defendants to pay the amount they agreed to pay.

(Signature next page)

Respectfully Submitted,

*/s/T. Jeff Goodwyn, Jr.*
T. Jeff Goodwyn, Jr.,   Fed. ID#: 9890
Goodwyn Law Firm, LLC
2519 Devine Street
Suite A
Columbia, SC 29205
(803) 251-4517
jgoodwyn@goodwynlaw.com
Attorney for Plaintiffs

Columbia, South Carolina

February 26, 2019